**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**REGINALD D. MARABLE, SR.,**

**Plaintiff,**

**vs.** **Civil Action No. 11-0563-CG-B**

**MARION MILITARY INSTITUTE and COL. THOMAS L. TATE, in his individual and official capacities,**

**Defendants.**

**ORDER**

This matter is before the court on the defendants' motion to re-tax costs (Doc. 119). For the reasons stated below, the motion is **GRANTED.**

**FACTUAL BACKGROUND**

On November 5, 2012, the court granted summary judgment in favor of the defendants, Marion Military Institute and Col. Thomas L. Tate (collectively, the "Defendants") and taxed costs to the plaintiff, Reginald D. Marable, Sr. ("Marable"). (Doc. 112). Subsequently, the Defendants filed a bill of costs with the clerk of the court, requesting $3,494.03. The notation in the clerk's order taxing costs indicates that transcription expenses were disallowed pursuant to Standing Order 13. The defendants then duly filed their motion to re-tax the costs pursuant to Fed.R.Civ.P. 54(d)(1). (Doc. 119). The Defendants seek costs for deposing Marable and five other witnesses: David Mollohan, Doris Colburn, Janice McGee, Dennis Hastings, and Susan

Stevenson. Id. Marable filed an objection to the motion (Doc. 121) and the Defendants filed a reply (Doc. 122).

**LEGAL ANALYSIS**

The court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys fees – should be allowed a prevailing party.

Fed.R.Civ.P. 54(d)(1). Additionally, 28 U.S.C. § 1920 states in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The court is also guided by this court's Standing Order 13 which provides that costs shall be taxed consistent with the following guidelines:

1. *Deposition Costs:*

> (a) The Clerk may tax the cost of an original deposition upon the written representation of counsel for a party claiming the cost that a substantial portion of the deposition was admitted in evidence on the trial of the case.
>
> (b) The Clerk shall not otherwise tax the costs of either the original or a copy of the deposition (unless otherwise ordered by the court) and any party desiring to tax the cost of depositions other than those described in subparagraph (a) shall file in writing a motion to re-tax the costs pursuant to Fed.R.Civ.P. 54(d) [sic] and Local Rule 54.1 and present the matter to the court.

(S.D. Ala. Standing Order 13 (June 1997) (footnotes omitted)).

The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987); see also Allstate Ins. Co., Inc. v. Jones, 763 F.Supp 1101, 1102 (M.D.Ala.1991) (The language of Rule 54(d) "is generally considered to state an equitable principle ... [which] vests in the district court a sound discretion over the allowance, disallowance, or apportionment of costs in all civil actions." (citations and internal quotations omitted)). Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir.1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir.1963)).

However, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co, 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense." Eagle Insurance

Co. v. Johnson, 982 F.Supp 1456, 1458 (M.D.Ala. 1997). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." Id. (citations omitted). "[T]he costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." Id. (citations omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. Id. (citations omitted).

Taxation of deposition expenses is authorized by 28 U.S.C. § 1920(2). See U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 620 (11th Cir.2000). However, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F.Supp. 1044, 1066 (N.D.Ga. 1992), aff'd, 991 F.2d 751 (Fed.Cir.1993)). Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case.' " Id. at 621 (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)). In this district, Standing Order 13 clarifies the issue by requiring the prevailing party to submit a "written representation ... that a substantial portion of the deposition was admitted in evidence on the trial of the case." (S.D. Ala. Standing Order 13 (June 1997)). Otherwise the clerk

may not tax the costs of either the original or a copy of a deposition unless otherwise ordered by the court. Id.

The defendants represent that the depositions for which they seek to re-tax costs were necessarily obtained for use in the case, pointing to the fact that they used excerpts of each deposition in their summary judgment brief. See Docs. 71 and 73. Marable, however, argues that the requested costs are unclear and inadequately documented because the Defendants did not itemize them in the motion to re-tax and therefore, there is no way of knowing whether "excessive copies" are included in the requested amount. (Doc. 121 at 2). Marable also argues that "the Defendants acted with unclean hands toward [Marable] and this, too, should be considered in a determination of costs." Id. Finally, Marable asserts that he is experiencing financial hardship as evidenced by his ongoing bankruptcy in the Northern District of Alabama, and taxing costs to him would increase his debt and exacerbate his already difficult financial situation. Id.

With regard to Marable's first objection, the court notes that the Defendants previously filed a verified bill of costs under penalty of perjury (Doc. 114) in which defense counsel distinguished between fees for transcripts "necessarily obtained for use in the case" versus fees for "exemplification and the costs of making copies." Id. The court is therefore satisfied that the amount the Defendants seek to re-tax is appropriate under § 1920(2) and Rule 54(d)(1).

With regard to Marable's second objection, he offers no explanation or example of what the Defendant did that would constitute acting with unclean hands. Assuming that Marable is referring to the allegations in his complaint and opposition to summary judgment, then the court has already exhaustively addressed them and found them wanting. If Marable had some other allegation in mind, the court cannot divine it from his objection to the motion to re-tax costs. Marable's citation of Baumann v. Savers Federal Sav. & Loan Ass'n., 934 F.2d 1506 (11th Cir. 1991) does not clarify matters, either, because that is a case dealing with the breach of certain loan agreements by a savings and loan institution in the 1980s, in which the Eleventh Circuit merely mentioned in passing the district court's denial of costs and fees because the prevailing party had unclean hands. Id. at 1509. Marable makes no effort to explain how the facts of Baumann or the behavior of the prevailing party are similar to the instant case.

Finally, with regard to Marable's third objection, the court notes that he has not cited any authority to support his argument that a party's financial difficulties are grounds for striking a prevailing party's motion to re-tax costs. See Doc. 121 at 2. The Eleventh Circuit has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Chapman v. AI Transport, 229 F.3d 1012, 1038-39 (11th Cir. 2000). But consideration of this factor is a "rare" circumstance, requiring "clear proof of the non-

prevailing party's dire financial circumstances." Id. at 1039. Furthermore, the Chapman court also stressed that "a court may not decline to award any costs at all." Id. Although the record before the court contains extensive records from the proceedings of Marable's bankruptcy case, see Doc. 70-13, the information contained in those records dates to April 2011. Id. Marable made no effort to identify his current monthly income and expenses in his objection to the motion to re-tax costs, nor did he provide any detail regarding his alleged financial hardship beyond simply referring to the bankruptcy case. See Doc. 121 at 2. The bankruptcy documents on the record indicate that Marable makes a monthly payment of $1,000 to the bankruptcy trustee in accordance with a 60-month plan. (Doc. 70-13 at 11). Having made no showing of his current income or inability to pay, and with only stale information from the bankruptcy court to rely upon, the court finds that Marable has not satisfied his burden of proving "dire" financial circumstances.

## CONCLUSION

Accordingly, the court will re-tax as costs the requested court deposition costs ($3,144.10) which were disallowed by the clerk.

**DONE** and **ORDERED** this 11th day of January 2013.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE